UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AKEEM TURNER BEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:18-CV-119 RLM |
| vs. | ) | |
| | ) | |
| THE STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Akeem Turner Bey, a prisoner representing himself, filed a complaint against ten defendants arising from a November 18, 2017, incident at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the allegations of the complaint, in the morning of November 18, 2017, Mr. Turner Bey went outside for recreation while it was raining. After being outside for about an hour, he asked an officer to escort him back inside.

1

Officer Ralph showed up and began to escort Mr. Turner Bey to the front of DCH when they came into contact with Sgt. Redden. Mr. Turner Bey asked Sgt. Redden if he could speak with a lieutenant to complain about having to go outside for recreation, which upset Sgt. Redden, who told Officer Ralph that it would be easier to take Mr. Turner Bey to the back of DCH. According to Mr. Turner Bey, Sgt. Redden then tripped him. It appears as though Officer Ralph was holding onto Mr. Turner Bey during this time and prevented him from falling hard to the ground. "Sgt. Redden then called a signal 8, that's when DCH h-bracket lift me up and laid me face down on the cold, wet concrete inside the outside rec cage." Mr. Turner Bey says he laid on the ground for a few hours before he was taken to his cell. Mr. Turner Bey filed a grievance, but he alleges that various IDOC employees refused to properly investigate the incident. Mr. Turner Bey sues ten defendants for money damages.

Mr. Turner Bey alleges that Sgt. Redden used excessive force against him when he tripped him to the ground. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

The court can't weigh these factors here due to the gaps in Mr. Turner Bey's account. Mr. Turner Bey doesn't give enough detail of what transpired between him and Sgt. Redden that led to the sergeant's use of force or what force was actually applied. Nor does Mr. Turner Bey address whether the use of force was legitimate or whether there was a need for that application of force. It isn't entirely clear whether Mr. Turner Bey was even injured by Sgt. Redden's actions. At this point, Mr. Turner Bey has simply alleged that Sgt. Redden tripped him and Officer Ralph prevented Mr. Turner Bey from falling to the ground. Without more information about the circumstances surrounding this interaction, Mr. Turner Bey hasn't stated a plausible excessive force claim.

Next, Mr. Turner Bey alleges that Sgt. Redden, Lt. Connelly and Captain Dykstra subjected him to cruel and unusual punishment by having him lay face down outside in the cold temperatures and rain for approximately three hours. To violate the Eighth Amendment, deprivations must be "unquestioned and serious" and deprive prisoner of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Inmates are entitled to adequate shelter, including a right to protection from extreme weather. Wilson v. Seiter, 501 U.S. 294, 304 (1991); Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009). In assessing whether being subjected to weather conditions constitutes cruel and unusual punishment, courts consider the severity and duration of the condition. *Id.*

Mr. Turner Bey hasn't alleged enough facts to proceed past initial review. Allowing prisoners to be exposed to extreme weather conditions over an extended period of time might constitute an Eighth Amendment violation. Murphy v. Walker, 51 F.3d 714, 720 (7th Cir. 1995); Henderson v. DeRobertis, 940 F.2d 1055, 1058 (7th Cir. 1991). But a single incident of being left outside in the cold and rain for three hours ordinarily doesn't rise to the level of an Eighth Amendment violation. *See* Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997) (noting that "it is not just the severity of the cold, but the duration of the condition, which determines whether the conditions of confinement are unconstitutional."); *see also* Dunn v. FUN Mitchell, No. 3:14-cv-719, 2015 WL 338973 (W.D.N.C. Jan. 26, 2015) (holding that "allegations of a single, isolated incident" where the plaintiff was left out in the cold for seven hours did not amount to an Eighth Amendment violation); *see also* Ray v. Schoo, No. CV 10-942, 2014 WL 59733 (C.D. Cal. Jan. 2, 2014) (holding that prisoners forced to be outside for more than five hours in temperatures that dropped to between 40 and 45 degrees dressed only in a paper thin jumpsuit did not violate the Eighth Amendment), aff'd 592 Fed. Appx. 590 (9th Cir. 2015). An initial review of the weather in Michigan City, Indiana - where ISP is located - reveals that the temperature range on November 18, 2017 was between 44 and 37 degrees and included no precipitation on that date. https://www.wunderground.com/history/airport/KMGC/2017/11/18/DailyHi

story.html?&reqdb.zip=&reqdb.magic=&reqdb.wmo= (last visited May 21, 2018). Thus, the weather conditions don't appear to have been extreme. Mr. Turner Bey doesn't claim to have been injured in any way as a result of being forced to stay outside for three hours. He simply alleges that he was subjected to unpleasant conditions. Ultimately, while the court doesn't condone subjecting prisoners to these conditions for hours, doing so one time does not state a cause of action under the Cruel and Unusual Punishment Clause.

Next, Mr. Turner Bey sues Grievance Specialist Newkirk, Internal Affairs Officer Parnell, as well as Charlene A. Burkett of the Ombudsman's Bureau, for not investigating his grievances. A prisoner has no due process rights with respect to the prison grievance procedures, and that an official ignored, mishandled, or denied a prisoner's grievances doesn't state a claim under § 1983. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (citations omitted). Further, while Mr. Turner Bey complains that assault charges weren't brought against Sgt. Redden, a prisoner has no due process right to have prison officials file a police report on his behalf. Linda R.S. v. Richard D., 410 U.S. 614 (1973); Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006); Yhwhnewbn v. Leak, No. 11 C 5653, 2012 WL 3061848 at *1 (N.D. Ill. July 26, 2012) (noting that the Constitution does not "vest her with the right to obtain a police report."); Foley v. Village of Weston,

5

No. 06-C-350-C, 2007 WL 314465, at *3 (W.D. Wisc. Jan. 29, 2007) (stating that, unlike criminal defendants, "persons who are not the subject of criminal prosecution have no . . . constitutional right to obtain police reports."). Mr. Turner Bey hasn't stated a claim against defendants Newkirk, Parnell, Burkett, or the Ombudsman's Bureau.

Mr. Turner Bey alleges ISP Superintendent Ron Neal was informed of what happened on November 18, 2017. He complains that Neal did not "do anything." That this incident was reported to Neal isn't a basis for liability. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d at 609. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). These allegations don't state a claim against the Superintendent.

Finally, Mr. Turner Bey sues the State of Indiana as well as the IDOC - a State agency. Both are immune from suit pursuant to the Eleventh Amendment. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Com'n, 183 F.3d 558, 563 (7th Cir. 1999). These exceptions don't apply here, so Mr.

Turner can't state a claim against either the State of Indiana or the IDOC.

While the complaint doesn't state a claim, the court will give Mr. Turner Bey a chance to replead his claims. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In any amended complaint, he should address the deficiencies noted above. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible.

For these reasons, the court:

    (1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and sent it to Akeem Turner Bey; and

    (2) GRANTS Akeem Turner Bey to and including June 25, 2018, to file an amended complaint; and

If Mr. Turner Bey doesn't respond by the deadline, this case will be dismissed without further notice under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on June 4, 2018

      /s/ Robert L. Miller, Jr.
      Judge
      United States District Court