UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AKEEM TURNER BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:18-CV-119 RLM |
| vs. | ) |  |
|  | ) |  |
| SGT. REDDEN, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Akeem Turner Bey, a prisoner representing himself, filed an amended complaint alleging Sgt. Redden used excessive force against him on November 18, 2017, at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

This is what Mr. Turner Bey alleges: On November 18, 2017, Mr. Turner Bey went outside while it was raining. After being outside for about an hour, he asked an officer to escort him back inside. Officer Ralph showed up and began to walk

1

Mr. Turner Bey to the front of DCH when they came into contact with Sgt. Redden. Mr. Turner Bey asked Sgt. Redden numerous times if he could speak with a lieutenant to complain about having to go outside for recreation, which upset Sgt. Redden, who then kicked Mr. Turner Bey in his leg and pulled him to the ground. This caused Mr. Turner Bey to fall and injure his leg. After this incident, Mr. Turner Bey filed a grievance, but he alleges that Lt. Connelly and Capt. Dykstra ignored it and refused to properly investigate the incident. Mr. Turner Bey sues all three defendants for money damages.

First, Mr. Turner Bey alleges that Sgt. Redden used excessive force against him when he kicked him in the leg and threw him to the ground. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Mr. Turner Bey claims that Sgt. Redden assaulted him to maliciously to cause harm. This is sufficient to state a claim against Sgt. Redden for use of excessive force in violation of the Eighth Amendment.

Next, Mr. Turner Bey alleges that he later wrote a request to Lt. Connelly and Capt. Dykstra, apparently informing them of what happened on November 18,

2017. He complains that neither responded. However, that the incident was reported to these officers is not a basis for liability. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). These allegations don't state a claim against either Lt. Connelly or Capt. Dykstra.

For these reasons, the court:

(1) GRANTS Mr. Turner Bey leave to proceed against Sgt. Redden in his individual capacity for monetary damages for using excessive force against him on November 18, 2017, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Lt. Connelly and Capt. Dykstra;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Redden at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 12) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS Sgt. Redden to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 16, 2018

                                                              /s/ Robert L. Miller, Jr.
                                                              Judge
                                                              United States District Court